Requestor: Samuel F. Houston, Corporation Counsel City of Buffalo 1100 City Hall Buffalo, New York 14202
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked for an opinion as to the proper statutory enforcement mechanism for violations of section 1203-c of the Vehicle and Traffic Law, requiring the provision of off-street parking spaces for the handicapped.
Section 1203-c requires that any person, firm or corporation owning a shopping center or other facility, with at least five separate retail stores and at least 20 off-street parking spaces which are provided for use by the shopping public, must designate for use only by the handicapped a minimum of five percent of such spaces or ten spaces, whichever is less (Vehicle and Traffic Law, § 1203[c][1]). A violation of this provision is punishable by a fine of up to $250 (id.,
§ 1203[c][3]).
Your question is whether charged violations of section 1203(c)(1) are determined under the provisions of article 2-A or 2-B of the Vehicle and Traffic Law. Under section 225 of article 2-A, all violations of the Vehicle and Traffic Law or of any local regulations relating to traffic, "except parking, standing, stopping or pedestrian offenses, which occur within a city having a population of two hundred thousand or more in which administrative tribunals have heretofore been established" are to be heard and determined pursuant to regulations of the Commissioner of Motor Vehicles as provided in article 2-A. Where an administrative tribunal has been established in such a city, complaints of traffic infractions constituting parking, standing or stopping violations are to be heard and determined by that tribunal in substantial conformance with article 2-B of the Vehicle and Traffic Law (id., § 235). You have informed us that the City of Buffalo has an administrative tribunal, called the Parking Violations Bureau, and you inquire whether the procedures of article 2-B of the Vehicle and Traffic Law may be utilized to hear and determine violations of section 1203-c of the Vehicle and Traffic Law in that tribunal.
In our view, article 2-B does not include within its scope violations of section 1203-c, requiring the setting aside of parking spaces for the handicapped. By its terms, article 2-B authorizes the establishment of a parking violations bureau having jurisdiction of traffic infractions which constitute parking violations (id., § 236[1]). The jurisdiction of the parking violations bureau is asserted through the preparation and issuance of a notice of violation which constitutes notice of the parking violation charged (id., § 237[9]). "A notice of violation shall be served personally upon the operator of a motor vehicle who is present at the time of service . . . [or] shall be served upon the owner of the motor vehicle if the operator is not present . . ." (id., § 238[2]). Thus, it seems clear from these provisions that article 2-B establishes a procedure for traffic infractions by operators of motor vehicles. It does not by its terms cover the failure of shopping center owners to provide parking spaces for the handicapped. Further, article 2-B applies only to parking, standing or stopping violations, which are defined in the Vehicle and Traffic Law to mean actions by a person utilizing a vehicle (id.,
§§ 129, 145, 147).
In our view, violations of section 1203-c of the Vehicle and Traffic Law are to be heard and determined under article 2-A of the Vehicle and Traffic Law which covers all other violations of the Vehicle and Traffic Law which are classified as traffic infractions (id., § 225). The definition of "traffic infraction" includes violations of section 1203-c of the Vehicle and Traffic Law (id.,
§ 155).
We conclude that violations of section 1203-c of the Vehicle and Traffic Law, requiring the provision of parking spaces for the handicapped, are enforced under the provisions of article 2-A of the Vehicle and Traffic Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.